(No. 15142.—Judgment reversed.)
THE PEOPLE *ex rel.* Henry Eicholtz *et al.* Appellees, *vs.*
OLIVER STEWART *et al.* Appellants.

*Opinion filed February 21, 1923.*

1. QUO WARRANTO—*acquiescence of public may justify refusal of information on the ground of public interest.* On application for leave to file an information in the nature of *quo warranto* the court may consider all the circumstances of the case, the position and motives of the relators and whether the public interest will be served; and where it appears that great inconvenience and public detriment will result, acquiescence on the part of the public will justify a refusal to grant leave to file the information or to proceed to judgment.

2. SCHOOLS—*when court may refuse leave to file information against school district.* Where tax-payers have allowed the board of education of a community high school district to build and maintain a high school and for two years have without objection paid taxes levied by the board, the court may refuse leave to file an information in *quo warranto* attacking the organization of the district on the ground that its territory is not compact and contiguous.

APPEAL from the Circuit Court of Stephenson county; the Hon. FRANKLIN J. STRANSKY, Judge, presiding.

LOUIS H. BURRELL, and HAROLD D. JAMES, for appellants.

CHARLES H. GREEN, State's Attorney, DOUGLAS PATTISON, and A. J. CLARITY, (RAY T. LUNEY, of counsel,) for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

An information in the nature of a *quo warranto* was filed in the the circuit court of Stephenson county challenging the organization of Winslow Community High School District No. 302. To this information was filed a plea of estoppel, which set forth that an election was held on November 6, 1920, on the proposition to establish the dis-

trict and that there were 185 votes for the proposition and 18 votes against it; that a board of education was thereafter elected; that December 6 the board met and organized and levied $8000 for educational purposes and $4000 for building purposes; that at the following regular school election, April 9, 1921, the proposition of issuing bonds in the amount of $18,000 for the purpose of building an addition to the school building in the village of Winslow was submitted and carried; that a contract was let for said addition June 1, 1921, at the contract price of $21,000; that the addition was completed at a total expense of $23,000; that the bonds were issued and sold at par and all the proceeds received prior to November 12, 1921; that an election was held for members of the board of education April 8, 1922; that taxes were levied and collected for school purposes for the years 1921 and 1922; that these taxes were paid by all the tax-payers of the district, including relators; that the board of education of the district held twenty official meetings prior to the filing of this information, May 29, 1922; that one-third of the bonds have been retired, and that there are now outstanding and unpaid bonds in the amount of $12,000; that about $4000 has been expended in supplying equipment; that due notice was given by posting notices and by publication in the local newspaper of the elections held to organize the district, elect the board of education and authorize the bond issue; that relators and all other tax-payers of the district have acquiesced in the levy of the taxes, the issuance and sale of the bonds and the application of the proceeds; that relators and other tax-payers have by their acts and conduct induced the board of education to believe that they were lawfully elected and qualified and duly authorized to levy taxes, to issue and sell the bonds, to build the school building, to provide the same with equipment and to employ teachers; that the board of education, acting in good faith and with the acquiescence of relators and all other tax-payers of the district, has at all

times since the organization of the district maintained a high school furnishing instruction in a four-year course, and that irreparable loss and injury will result to the tax-payers of the district if a judgment of ouster is entered. To this plea a general replication was filed. A hearing was had before the court without a jury, and judgment of ouster was entered on the ground that the district was not compact and contiguous.

This district is eleven miles long east and west and five miles wide north and south and contains about fifty sections of land. The greatest distance to be traveled to reach the school house is eight miles. On an application for leave to file an information in the nature of *quo warranto* the court may consider all the circumstances of the case, the position and motives of the relators in having the proceeding instituted, and whether the public interest will be served by allowing the information to be filed. Acquiescence on the part of the public generally will justify a refusal to grant leave to file the information, or to proceed to judgment after the information has been filed, where it appears that great inconvenience and public detriment will result. None of the relators testified on the trial of this cause and no excuse whatever was offered for the delay in bringing this proceeding. It seems clear from the record that the public has permitted the board of education to exercise powers in which the people at large were concerned, with full knowledge of everything that was being done. The remedy here sought to be invoked should not be permitted where the public has so long acquiesced that an irreparable injury will be done the tax-payers of the municipality by granting the relief sought. (*Trustees of Schools* v. *School Directors,* 88 Ill. 100; *People* v. *Schnepp,* 179 id. 305; *People* v. *Jackson,* 305 id. 385.) The court erred in proceeding to judgment.

The judgment of the circuit court is reversed.

*Judgment reversed.*