(No. 15301.—Judgment affirmed.)
THE PEOPLE ex rel. Heie Weber et al. Appellants, vs.
E. E. BURSON et al. Appellees.

*Opinion filed April 18, 1923.*

1. QUO WARRANTO—*information cannot be filed except by leave of court.* By section 1 of the Quo Warranto act the common law rule that the writ of *quo warranto* is a writ of right was abolished and the filing of the information now lies in the sound discretion of the court to whom the petition for leave to file the information is addressed.

2. SAME—*what is "probable ground" for filing an information.* Probable ground for filing an information, in the meaning of the statute, may be construed as a reasonable ground of presumption that a charge is or may be well founded.

3. SAME—*what should be considered by court on petition to file an information.* On petition for leave to file an information in *quo warranto* the court should consider all the circumstances of the case, the motives of the relators, the policy and the necessity for the remedy sought, any acquiescence or delay, and the public interest or convenience.

4. SAME—*general rule as to when court should allow information to be filed.* Where the facts relied upon by the respondents in their answer to the rule to show cause are disputed, or where new or doubtful questions of law are presented that require more time for solution than can be given on an application for leave to file the information, it is the duty of the court to make the rule for an information absolute, so the matter may be further considered.

5. SCHOOLS—*when a high school district is compact and contiguous.* A community high school district which is ten miles long and eight miles wide is compact and contiguous, within the meaning of the statute, where it is rectangular in shape, except that certain sections are omitted from the corners of the territory.

6. SAME—*when courts will not interfere with organization of community high school district.* As the legislature has delegated to the people the right to form community high school districts, the courts will not interfere with the exercise of such right by proceedings properly conducted for the organization of such districts, so long as constitutional requirements are not infringed.

DUNN and DUNCAN, JJ., specially concurring.

APPEAL from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

FRANK M. RAMEY, State's Attorney, and ANDREW J. DUGGAN, for appellants.

HARRY C. STUTTLE, and LANE, DRYER & BROWN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Certain residents and tax-payers of Community High School District No. 152A, in Montgomery county, Illinois, as relators, by the State's attorney of that county, filed their petition in the circuit court for leave to file an information in *quo warranto* to test the legality of the school district. The members of the board of education, who were named respondents, appeared in open court at the time of the presentation of the petition and asked that a rule *nisi* be entered. The relators, on leave of court, filed 46 affidavits in support of their petition and the respondents filed 71 affidavits in reply thereto. On hearing the court denied the petition of relators and rendered judgment against them for costs.

There is no question as to the legality of the organization of the district so far as the petition, election thereon or the election of the board of education is concerned. The affidavits all go to the topography of the territory within the district, condition of the roads at certain times of the year, and the distances necessary to be traveled by students desiring to attend high school in the building proposed to be built,—in other words, it is claimed that the district is not compact and contiguous.

It appears from the undisputed statement of counsel for the respondents in their briefs, that a community high school district was attempted to be organized of territory of which the present district formed a part, and that in No-

vember, 1920, an information in the nature of *quo war-ranto* was filed in the circuit court of Montgomery county against its officers, and on a hearing thereon in June, 1922, before the Hon. Thomas M. Jett, who heard the present petition, a judgment of ouster was entered and the district dissolved because it was not contiguous and compact, in accordance with the view of this court expressed in *People* v. *Young,* 301 Ill. 67, and *People* v. *Kirkham,* 301 id. 45. Thereafter another petition was filed with the county super-intendent of schools, an election held and the present dis-trict organized. The district first sought to be organized contained 119 sections. This district consists of rectangu-lar territory ten miles north and south by eight miles east and west, from which, however, one section is omitted from the northwest corner, two sections are omitted from the northeast corner and eight sections are omitted from the southwest corner, leaving in all 69 sections. In this terri-tory is the city of Litchfield with 7000 inhabitants, situated five miles from the north boundary, three miles from the south boundary, four miles from the west boundary and two and a half miles from the east boundary. There are two small villages situated in the northern part of this dis-trict,—Barnett, on the north boundary, two miles east of the west boundary of the district, and Honey Bend, two miles west of the east boundary and one-half mile south of the north boundary of the district. The proposition to build a school building has been presented and adopted. School is being conducted in temporary quarters.

The question involved in this appeal is whether or not the circuit court abused the discretion vested in it in cases of this character in refusing to allow the information to be filed. At common law the writ of *quo warranto* was a writ of right of the crown. This writ was the exclusive prerogative of and could be availed of only by the crown. By the Statute of Anne the practice of filing petitions for leave to file informations arose as a means of trying civil

rights between individuals. By section 1 of our Quo Warranto act the common law rule was abrogated and an information for *quo warranto* may no longer be filed in any case except by leave of court. (*People* v. *Union Elevated Railroad Co.* 263 Ill. 32.) The statute requires that "the judge shall be satisfied that there is probable ground for the proceeding" before granting leave to file the information. Probable ground has been construed by this court to mean a reasonable ground of presumption that a charge is or may be well founded. (*People* v. *Union Elevated Railroad Co.* 269 Ill. 212.) The proceedings by information in the nature of *quo warranto* are matters lying within the sound discretion of the court to whom the petition for such information is addressed. The writ is not a matter of right. The court should, in the exercise of its discretion, consider all the circumstances in the case,—the motives of the relators in having the proceedings instituted, the policy of and the necessity for the remedy sought, acquiescence or unreasonable delay, and the consideration of the public interest or convenience. (*People* v. *Hanker,* 197 Ill. 409; *People* v. *Schnepp,* 179 id. 305.) The subject being within the sound judicial discretion of the court, no hard and fast rule can be laid down describing that which is or is not within the scope of judicial discretion. It may be said that if the facts relied upon by the respondents in their answer to the rule to show cause are disputed, or if new or doubtful questions of law are presented that would require more time for solution than could be given on an application for leave to file the information, it would be the duty of the court to make the rule for filing an information absolute, so that the matter might be further considered. *People* v. *Union Elevated Railroad Co.* 269 Ill. 212.

The sole complaint in the information sought to be filed is that the territory is not compact and contiguous as that term has been construed in former opinions of this court. From the description of this district as herein given it is

evident that it does not violate the requirement of compactness and contiguity so far as its size is concerned. (*People v. Patterson,* 305 Ill. 541; *People* v. *Brown,* 306 id. 245.) The basis of the objection to the district appears to be that the roads leading to Litchfield, which is almost in the center of the district, are at times in the year impassable, and that the distance is too great for students to walk from the outer edges of the district. To hold that it is contemplated by the constitutional provision requiring that all pupils receive a good common school education that the situation of all students or pupils in a district shall be the same would be to prevent the operation of any school district. No matter what the conveniences may be, children living in different parts of any school district will find the location of the school in that district one of varying convenience. It must be borne in mind that community high school districts are usually composed largely of rural territory. In order to combine any considerable quantity of such territory into a school district it is still necessary in this State to include therein roads subject to weather conditions, with the result that the pupils living near the school have a better opportunity for regular attendance than those farther away. The language of the constitution must receive a reasonable construction and the rule a reasonable application. There appears to be no sharp conflict between the affidavits on file for the respondents and those for the relators in the description of the roads or topography of the country. Such conflict as arises is one largely of the judgments of the different affiants as to the ability of students to attend the school in Litchfield. The plat shows the district to be traversed by the Illinois Central, the Wabash and the Chicago, Burlington and Quincy steam roads, and by a traction line running southeast from Litchfield. One of the steam roads traverses the district from northwest to southeast, another from northeast to southwest, and one leads from the north directly south into Litchfield. There is also a railroad ex-

tending east and west across the district through Litchfield, the name of which railroad does not appear in the record; also another traction railway leads east from Litchfield. The affidavits show that the railroads extending from Barnett and Honey Bend, in the north end of the district, to Litchfield have train schedules available so students can attend school each day and return home at night. The affidavits for respondents show that there are a number of oiled roads in the district leading in the direction of Litchfield and that the roads of the district generally are well kept up. It is not contended that Litchfield is not the community center of this territory. These facts are not disputed, but it is claimed there is a stream extending across the southern part of the district that at times overflows, and that low places in the district, where the soil is black and heavy, prevent the use of roads during certain times of the year. As we have said, it is well nigh impossible to prevent a situation where school districts are free of hills, muddy roads or overflowing streams. The legislature has delegated to the people the right to form these districts, and so long as the constitutional requirements are not infringed upon, the courts will not interfere with the exercise of the right conferred.

We are of the opinion that it was not an abuse of discretion on the part of the circuit court to deny the petition for leave to file an information in this case. The judgment of the circuit court will therefore be affirmed..

*Judgment affirmed.*

DUNN and DUNCAN, JJ., specially concurring:

We concur in the judgment but disagree with the opinion for the reasons stated in our specially concurring opinion in *People* v. *Baird,* (*ante,* p. 503.)