(No. 15006.—Judgment affirmed.)

THE PEOPLE *ex rel.* Edward J. Zimmerman *et al.* Appellants, *vs.* ALVA W. JONES *et al.* Appellees.

*Opinion filed April 18, 1923—Rehearing denied June 6, 1923.*

1. QUO WARRANTO—*quo warranto is not a writ of right.* The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the relators in having the proceeding instituted, and whether the public interest will be served or damaged by the writ.

2. SCHOOLS—*when information against high school district will be dismissed.* A delay of more than two years in the institution of proceedings in *quo warranto* to question the validity of the organization of a community high school district will justify the court in dismissing the information where no excuse is offered for the delay and where great inconvenience and public detriment will result from a judgment of ouster.

APPEAL from the Circuit Court of Montgomery county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

FRANK C. RAMEY, State's Attorney, and HOGAN & REESE, for appellants.

HILL & BULLINGTON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, by leave, filed in the circuit court of Montgomery county an information in the nature of *quo warranto* to test the legality of the organization of Community High School District No. 158, in that county. On a hearing the information was dismissed and the writ quashed.

To the information there was filed, among other pleas, one alleging acquiescence and that a great public detriment would result from a judgment of ouster. It was stipulated that the issues should be as to the compactness and contiguity of the district; whether the district constitutes a community within the meaning of the law; whether the proceeding is one brought for the public or for the private interest of the relators; whether the relators have acquiesced in the formation of the district so as to justify a refusal of judgment of ouster; and whether the public will suffer inconvenience or detriment by reason of delay in filing the petition and a judgment thereon.

The pleadings show that the district contains 52½ sections of land, the main body of which is rectangular in form, six miles north and south by seven miles east and west. Four sections of land are to be added to this description on the north side, four on the west side and two on the southwest corner. The bodies of land lying north and west of the main rectangular tract are approximately square. The village of Raymond is located one and a half miles south of the north boundary, one and a half miles east of the west boundary and three and a half miles north of the south boundary of the strip. The Wabash railroad runs in a northeasterly direction through the village. There is no other village in the district. The district was organized at an election held on December 6, 1919. On February 21, 1920, an election was held at which the issuance of bonds in the amount of $80,000 was presented and authorized for the purpose of buying a school site and erecting a building

thereon. The pleas set out, and the evidence shows, that after this election the bonds were advertised in various newspapers in that community and were delivered to the purchasers thereof on November 30, 1920. On September 1, 1920, the school district purchased a site from the village of Raymond and paid therefor the sum of $5000. On October 31, 1921, a contract was entered into for the erection of a school building, and that building was in the course of construction at the time this suit was started, on February 18, 1922. Prior to the starting of this suit anticipation warrants in the sum of $9750.61 had been issued, sold and delivered, drawn upon the levy that had been made for school purposes during the preceding year. The organization of the district, the fixing of the boundary lines and all matters pertaining to the various steps taken by the district were published. Meetings were held in the village of Raymond, attended by residents of different parts of the proposed district. After the organization of the district, and during the year 1920, a petition was filed by certain residents of parts of the district as then organized, asking to be detached from this district and attached to another district. This petition was heard in January, 1920, and the territory was ordered detached. A petition was also heard and allowed permitting the four sections of land now attached to the main body of this district on the west side thereof as herein described, to be detached from the Litchfield district and attached to the district under consideration.

The relators in this case had notice that these various steps were being taken in the organization of the district, the issuance of bonds, the levying of taxes and the contracting for and building of the school house. The district was organized on the 6th day of December, 1919. The suit was not filed until February 18, 1922, a period of more than two years. There is nothing in the record to show why proceedings were not instituted prior to that time. The relators and other tax-payers acquiesced in the levy of taxes, the is-

suance and sale of bonds and application of the proceeds, thereby inducing the board of education to believe that they were lawfully elected and qualified and duly authorized to levy taxes, issue and sell bonds and conduct a high school. The evidence shows that the district is maintaining a high school and furnishes instructions in a four-year course.

The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the relators in having the proceeding instituted, and whether the public interest will be served or damaged by the writ. (*People v. Burson,* 307 Ill. 533; *People v. Hanker,* 197 id. 409; *People v. Schnepp,* 179 id. 305.) It was held by this court in *People v. Stewart,* 306 Ill. 470, that acquiescence on the part of the public, generally, in the proceedings and acts of the district in the election to organize the district, held on November 6, 1920, and in their acts subsequent thereto and prior to the filing of the information, justified a refusal of a judgment of ouster on the ground of acquiescence of the public and of the great inconvenience and public detriment which would result in making the writ absolute. It so appears here. No excuse appears to be offered for the delay in bringing this proceeding. The board of education was permitted to use powers in which the people and tax-payers of the district were vitally concerned, with knowledge on the part of relators of what was being done. Great inconvenience and public detriment would result from a judgment of ouster in this case.

On the ground of acquiescence and because of public detriment which would result from a judgment of ouster, the circuit court was justified, in the public interest, in dismissing the information. That being true, other points raised need not be considered.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*