THE PEOPLE ex rel. W. R. Talbott et al. Plaintiffs in Error, vs. WILLIAM H. BRINKLEY et al. Defendants in Error.

Opinion filed June 16, 1926.

1. QUO WARRANTO—*quo warranto is not a writ of right.* The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the relators in having the proceeding instituted, and whether the public interest will be served or damaged by the writ.

2. SAME—*when acquiescence will justify refusal to grant leave to file information.* Acquiescence on the part of the public generally will justify refusal to grant leave to file an information, or to proceed to judgment after the information has been filed, where it appears that great inconvenience and public detriment will result.

3. SCHOOLS—*when delay will prevent filing information against high school district.* Where a community high school board of education is for three years permitted to conduct school and to use powers in which the people and tax-payers of the district are vitally concerned, with the knowledge of the relators, some of whom have participated in school elections in the district, and where the evidence shows that great inconvenience and public detriment will result from a judgment of ouster, the court is justified in refusing leave to file an information charging that the district is not compact and contiguous.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. CHARLES H. MILLER, Judge, presiding.

OSCAR E. CARLSTROM, Attorney General, and ULYS PYLE, for plaintiffs in error.

J. E. BARTLEY, and C. K. ROEDEL, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

April 11, 1925, upon leave first had and obtained, there was filed in the circuit court of Gallatin county an information in the nature of *quo warranto* challenging the organi-

zation of Shawneetown Community High School District No. 58, in Gallatin county, on the grounds that the district as organized was not composed of compact and contiguous territory and that there was embraced within the district more than one community. To the information defendants in error filed two pleas, the first being a plea of justification setting forth the organization of the school district, and the second being a plea of *estoppel in pais.* Upon a trial before the court the issues were found for defendants in error, the information dismissed and judgment entered against the relators for costs. The record is before this court for review upon writ of error.

Upon the trial it was stipulated by the parties that all the proceedings in regard to the organization of the district and the election of its divers boards of education and the members thereof had been taken in accordance with the law, except, as contended by the relators, that the territory composing the district was not compact and contiguous.

The election for the organization of the district was held on June 15, 1922. The election for the members of the first board of education thereof was held on July 13, 1922, and on July 14, 1922, the board was organized, and the members of the board and their successors in office have continued in the exercise of the duties of their office until the time of the filing of the information. Prior to the organization of the community high school district, school district No. 32, which is a part of the community high school district, maintained a high school in the city of Shawneetown having a three-year course, consisting of the studies and instruction required in the first three years course of study in high schools accredited by the University of Illinois, which high school was discontinued upon the organization of the community high school district. After the organization of the community high school district it established in the city of Shawneetown a high school with a four-year course of study and employed a principal

and assistant teachers, procured a building wherein to conduct the school, provided the school with necessary equipment, and met all the requirements of the department of education of the University of Illinois for an accredited high school. The high school was opened on the first Monday of September, 1922, and was continued throughout that and succeeding school years until the filing of the information herein. Taxes were levied and collected each year to pay the expenses connected with maintaining the school. Each year an election was held for the election of the required number of members of the board of education, and each year after such election the board met as required by law, organized, employed teachers, levied taxes, and before the filing of the information herein employed teachers for the school year commencing September, 1925. On March 17, 1925, an election was held in the district to vote on the proposition of issuing $40,000 of bonds, the proposition of selecting a school site, the proposition of selecting a certain school site, to-wit, Carroll's woods pasture, and the proposition of authorizing the board of education to purchase a site and to erect a school building thereon, each of which propositions was carried. In pursuance of the election the bonds were negotiated and sold but had not been issued and delivered when the information was filed. Indebtedness had been created by the district to the amount of $6300, for which there were outstanding and unpaid warrants issued and drawn, payable out of the tax levied for the current year, which had not then been collected and paid to the school treasurer.

While some of the lands in the corners of the district are quite remote from the school house site, and some of them, by reason of proximity to the Ohio river and consequent liability to overflow, are not inhabited, none of the owners of these lands are among the relators. There is no evidence in the record that during the three years of the existence of the high school any child was by reason

of remoteness prevented from attending it. The relators were all residents of the district at the time of its organization and all of them were then cognizant of all the facts with relation thereto. They have all participated in some of the school elections. None of them now have, or are likely to have, children of school age. They all reside within convenient distances of the school site. Each of them paid all taxes levied upon his property by the district until the spring of 1925. Each of them testified as a witness in the case, and no one of them gave any excuse whatever for not sooner commencing these proceedings.

The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the relators in having the proceeding instituted, and whether the public interest will be served or damaged by the writ. (*People* v. *Jones,* 308 Ill. 246; *People* v. *Burson,* 307 id. 533.) Acquiescence on the part of the public generally will justify a refusal to grant leave to file the information or to proceed to judgment after the information has been filed, where it appears that great inconvenience and public detriment will result. (*People* v. *Stewart,* 306 Ill. 470.) In this case no excuse is shown for not sooner commencing these proceedings. The board of education was permitted to use powers in which the people and tax-payers of the district were vitally concerned, with knowledge on the part of the relators of what was being done. The evidence shows that great inconvenience and public detriment would result from a judgment of ouster in this case. The court was therefore justified in rendering its judgment in favor of defendants in error.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*