The People of the State of Illinois ex rel. Frank E. Earley, Appellant, v. C. C. Bierman, Appellee.

Gen. No. 8,179.

Opinion filed January 25, 1928.

H. E. FULLENWIDER, State's Attorney, EDWARD PREE and A. M. FITZGERALD, for appellant.

WILLIAM L. PATTON, CHARLES F. MANSFIELD and ED-
MUND BURKE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the
court.

The State's attorney of Sangamon county filed in
the circuit court thereof, at the relation of Frank E.
Earley, a petition for leave to file an information in the
nature of quo warranto to oust appellee from the office
of police magistrate in and for the city of Springfield.

It is charged, in substance, in the petition that the
city of Springfield, Illinois, had prior to April 5, 1927,
adopted the commission form of government; that at
the general election held on April 5, 1927, for the elec-
tion of the mayor and commissioners there was also to
be elected a police magistrate in and for said city for
which latter office the relator, Frank E. Earley, and
the appellee, C. C. Bierman, were candidates; that
appellee received the majority of the votes, was de-
clared elected and now usurps said office of police
magistrate; that the election of appellee was illegal
for two reasons: (1) that the names of the relator and
appellee, candidates for the office of police magistrate,
were printed upon ballots separate from the ballots
containing the names of the candidates for mayor and
city commissioners, when, in fact, the names of all
candidates for city offices should have been printed
upon the same ballot; (2) that appellee is disqualified
from holding the office of police magistrate for the
reason that at the time of his election he was the duly
elected, qualified and acting justice of the peace of the
town of Springfield, which is coextensive with the city
of Springfield, and that under the law he could not
resign from said office of justice of the peace until his
successor was elected and qualified and that he cannot
hold the offices of police magistrate and justice of the
peace at the same time.

The petition for leave to file the information was presented to the court April 20, 1927, and leave to file the information was granted ex parte. On April 22, 1927, appellee, as respondent to the information, made a motion to vacate the order granting such leave and was permitted to file a written motion to vacate the ex parte order and an affidavit in support of the same. This motion was heard by the court on May 8, 1927, the ex parte order was vacated and the petition dismissed.

It appears, from the affidavits filed, that some time prior to the election the election commissioners were in doubt as to whether the names of the candidates for police magistrate should be printed upon the same ballots with those of the candidates for mayor and commissioners and requested an opinion from the city attorney of Springfield in regard thereto. The city attorney rendered a written opinion to the election commissioners to the effect that in his opinion the names of the candidates for police magistrate should be printed upon separate ballots. The election commissioners in accordance therewith, both at the primary election for the nominations for said offices and at the general election of the candidates, had the names of the candidates for the office of police magistrate printed on separate ballots. Notices of the election were duly made and published, the form of the ballots were published, and sample ballots were printed in accordance with the provisions of the law. The relator participated in the primary election knowing that the ballots for the office of police magistrate would be separate from those for the other offices. He had knowledge that the same condition would prevail at the general election. He took no steps by mandamus or otherwise to have the names of the candidates for police magistrate placed upon the ballot with the names of the candidates for the other municipal offices. If he had received a majority of the votes cast and the conditions here were reversed, in all probability, he

would as strenuously insist on his right to hold the office as he is now in attempting to oust his successful opponent. The printing of the separate ballots was done in good faith by the election commissioners, the election was fair and no elector was deprived of his opportunity to vote for the candidate of his choice. Appellee received a majority of the votes cast by the electors of the city, and regardless of what the law may be as to whether there should have been separate ballots for the office of police magistrate or not (the final determination of which depends upon a construction of and an attempt to harmonize the medley of elections laws of this State, which, from our view of this case, it is unnecessary to do), the court rightly exercised its discretion in denying leave to file the information. The writ of quo warranto, as has been so often held, is not a writ of right, but lies in the sound discretion of the court, who should consider all the circumstances and conditions, the motives of the relator and particularly whether the public interest will be served by the granting of the writ. *People v. Brinkley,* 322 Ill. 29, and cases cited. Sound public policy forbids that in a case where the public interest is merely nominal, one who has participated in an election should be permitted to question the result on account of mere irregularities which caused no substantial injustice to anyone. *People v. Graham,* 267 Ill. 426; *People v. Crowley,* 250 Ill. 282; *People v. Waite,* 70 Ill. 25. The votes of the electors should not be invalidated for the mere technical violation of the law where neither the interests of the electorate nor the candidates could possibly be affected in any way. *Rexroth v. Schein,* 206 Ill. 80; *People v. Nordheim,* 99 Ill. 553. Generally, mere technical statutory duties relating to elections will, after the election, be held to be directory only and a failure to comply therewith will not invalidate the election if such failure does not affect the fairness or merits thereof, nor obstruct nor prevent a free and

intelligent vote of the people and ascertainment of the result. *People v. Miller,* 314 Ill. 474.

The next point urged by appellant is that respondent was ineligible to hold the office of police magistrate while he was yet an elected and qualified justice of the peace, his position being, that respondent having been elected justice of the peace, he could not resign or deprive himself of that office until his successor was elected and qualified, and the case of *People v. Barnett Tp. Sup'rs,* 100 Ill. 332, is cited in support of this proposition. In 1895 an act was passed commonly known as the Justices and Constables Law. In section 1 of article 15 of that act, Cahill's St. ch. 79, ¶ 147, provision was made for the resignation, removal and death of justices of the peace. In 1915 an act was passed entitled "An Act to amend section 146 of an Act entitled, 'An Act to revise the law in relation to Justices of the Peace and Constables, approved June 26, 1895, in force July 1, 1895.' " It is urged that this amendment is void because there was no such section as 146 in the act of 1895. Section 1 of article 15 of that act corresponds with paragraph 146 of Hurd's Statute of 1895, and it is very apparent that the drafter of the Amendment of 1915 had before him paragraph 146 of that statute and carelessly assumed that the number of that paragraph was section 146, when, in fact, it was section 1. This court has no jurisdiction to pass upon the validity of statutes and by taking an appeal to this court that question is waived. Section 1 of article 15, as thus amended, provides that upon the resignation of a justice of the peace he shall deliver his docket to the county clerk and thereupon, until the appointment or election and qualification of his successor, any other justice of the peace, with the consent and permission of such county clerk, may proceed to the completion of any business left unfinished upon such docket, as if such proceedings had been originally instituted before him. This amendment does away with

all the objections to the resignation of a justice of the peace, which were the reasons for the rule laid down in the case of *People v. Barnett Tp. Sup'rs, supra.* The judgment of the circuit court is affirmed.

*Affirmed.*