(No. 31445.—

HARVEY W. ADAIR, Appellant, *vs.* CHARLIE WILLIAMS *et al.*, Appellees.

*Opinion filed November 27, 1950.*

MARTIN P. DOLOWY, and HOWARD P. ROE, both of Chicago Heights, for appellant.

CASSELS, POTTER & BENTLEY, of Chicago, (WALLACE G. SOLUM, ANTHONY J. CIARLO, RICHARD H. MERRICK, and JOHN D. DEFEO, of counsel,) for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff, Harvy W. Adair, a resident, citizen and taxpayer of Bloom Township, Cook County, filed in his own name, a petition for leave to file an information in the nature of *quo warranto* and exhibited his information alleging the defendants unlawfully usurped the offices of presi-

dent, clerk, police magistrate, and trustees of the village of East Chicago Heights in Bloom Township, Cook County. The information consisted of several counts and the principal grounds alleged narrowed down to two, (1) that the petition to organize as a village addressed to the county court was not signed by one hundred qualified electors residing within the area sought to be organized and (2) that the legal description of the boundaries of the purported village was incorrect, confused, and unintelligible, all "to the damage of the plaintiff and other persons residing within said pretended Village and similarly situated."

The defendants answered that the Attorney General and State's Attorney of Cook County refused to join in this proceeding at the instance of plaintiff and that the plaintiff had no special interest different, personal or unique from that of the public at large or any interest that is distinguishable or that is not common to every member of the public in the community in which he resides and that his interest was merely that of a taxpayer.

Nevertheless, the circuit court of Cook County granted leave to file the information and the case was transferred to the hearing judge, a trial by jury waived and a hearing had. After leave to file was granted, defendants filed a motion to dismiss the information, which was overruled, and upon which ruling cross errors are assigned here. The trial court heard a large number of witnesses and concluded the petition which had been received by the county court (pursuant to which an election was held, establishing the village) was in proper form and complied with the statute and that the description was, although subject to typographical errors, capable of being ascertained by a competent surveyor and was sufficiently clear. A finding was entered in favor of defendants and the complaint in the nature of a *quo warranto* was dismissed with costs.

Since a franchise is involved, appeal is taken directly to this court. We are met at the outset by a motion to

dismiss in this court, alleging three grounds for dismissal, which motion has been taken with the case. The first two grounds of the motion have been cured by additional, amended and supplemental abstracts filed herein and need not be considered. The third ground repeats the motion filed in the trial court, *i.e.*, that plaintiff had no special interest warranting the filing of the *quo warranto*.

At common law the writ of *quo warranto* was a prerogative remedy used only for the correction of public wrongs, but it has by statute been succeeded by the information in the nature of a *quo warranto*, which may be used to enforce the rights of private individuals as well as those of the public. (*People ex rel. Paxton v. Bloomington Cemetery Ass'n*, 353 Ill. 534.) Prior to the 1937 amendment to the Quo Warranto Act, (Ill. Rev. Stat. 1935, chap. 112, par. 1,) only the Attorney General or the State's Attorney of the proper county, either of his own accord or at the instance of any individual relator, had the right or authority to institute proceedings and to file an information in the nature of a *quo warranto*. An individual had no warrant in law to institute the proceedings individually or in his own behalf unless he could show he had a personal, unique or peculiar interest therein. In the event he did have such an interest and the officials refused to join, his only remedy was to *mandamus* the proper official to institute *quo warranto* proceedings in his behalf. (*People ex rel. Miller v. Fullenwider*, 329 Ill. 65; *Newman v. United States*, 238 U.S. 537.) Under the Quo Warranto Act adopted in 1937, the proceeding shall be brought in the name of the People by the Attorney General or the State's Attorney of the proper county, either of his own accord or at the instance of any individual relator; "or by any citizen having an interest in the question on his own relation," when the Attorney General and State's Attorney have refused so to do upon request, and when, after notice of the intended application, "leave has been granted by

any court of competent jurisdiction, or any judge thereof." (Ill. Rev. Stat. 1949, chap. 112, sec. 2, par. 10.) In the instant case, the Attorney General and the State's Attorney of the proper county both refused to institute the action, and the plaintiff, *sua sponte,* but upon notice and leave granted by the circuit judge, proceeded to file the instant application. We held in *Rowan v. City of Shawneetown,* 378 Ill. 289, decided in 1941, that while it is no longer necessary to *mandamus* an official, as was required under the former act, an individual may under the present enactment institute *quo warranto* proceedings on his own relation, upon obtaining leave of court, but that to enable him to do so the interest which the statute requires to authorize the granting of the leave to file must be one that is personal to him and one that is not common to the public. We further held in that case that one who has no interest except that common to every other member of the public is not entitled to use the name of the government in *quo warranto* proceedings. Here, the plaintiff sues in his own individual name and merely alleges he is a resident, citizen and taxpayer of the district, which is admitted. The record is barren of any further showing as to what his personal interest is or how he may be affected, and in this he stands in no position other than that of any other resident, citizen and taxpayer. We think the present act makes no substantive change in the long-established requirement that the interest of the individual, to warrant *quo warranto* proceedings upon his own relation, must be such as would warrant the issuance of a writ of *mandamus* under the prior act (*Rowan v. City of Shawneetown,* 378 Ill. 289,) and must be such as would on its face, at least, show an interest that is personal and peculiar to him and how he would be adversely affected if leave to institute were not granted. To the same general effect are our holdings in *People ex rel. Buchanan v. Mulberry Grove Community High School Dist.* 390 Ill. 341, and *People v. Kidd,* 398 Ill. 405. While

distinguishing features in the facts of the cases cited can and have been pointed out, there are no distinctions in the principles forming the basis of those decisions.

Under the state of the pleadings and the record here we have no course open to us other than to hold, on the basis of a long line of decisions, that the leave to file should not have been granted and the appellant, having no right to maintain the action, has no right to appeal. Having no standing in this court, the motion to dismiss will be allowed and the appeal dismissed.

*Appeal dismissed.*