(No. 41916.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* JUNIOR COLLEGE DISTRICT No. 526 *et al.,* Appellees.

*Opinion filed March 13, 1969.*

RICHARD A. HOLLIS, State's Attorney, of Springfield, for appellant.

KNUPPEL, GROSBOLL, BECKER & TICE, of Petersburg, and ALLYN J. FRANKE, of NORMAN, ENGLEHARDT, HOLLAND, BILLICK, FRANKE & LAURITZEN, of Chicago, for appellees.

. Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The State's Attorney of Sangamon County filed a complaint in *quo warranto* against Junior College District No. 526 and the individual members of its board. The complaint challenges the incorporation of the junior college district and its subsequent annexation of Springfield Special Charter District No. 186. After answer, reply, and a hearing, the circuit court entered judgment for the defendants. A constitutional question is involved, and the State's Attorney has appealed directly to this court.

On October 12, 1966, a petition was filed with the Illinois Junior College Board requesting that an election be held to determine whether a junior college district should be established in the described territory which embraced land in several counties. That territory completely surrounded, but did not include, the territory of Springfield Special Charter District No. 186 which is composed of the city of Springfield. After study the State board approved the petition and referred it to the Board of Higher Education which found the proposed junior college district to be in conformity with a comprehensive junior college program. After a public hearing the State board granted the petition and a referendum election was held on February 25, 1967. A majority of the votes cast at the election favored creation of the junior college district. No petition for administrative review of the State board's approval of the petition was filed. Thereafter, on April 22, 1967, the seven members of the board of the newly created Junior College District No. 526, who are the individual defendants, were elected.

On December 19, 1967, a petition signed by two thirds of the members of the board of Springfield Special Charter District No. 186 was filed with the county superintendent of schools of Sangamon County, requesting that the territory of that district be annexed to the junior college district. The county superintendent submitted the petition to the State board which approved it on January 12, 1968. Notice was published that anyone wishing to have the proposed an-

nexation submitted to a referendum must file a petition signed by ten percent of the resident voters of the annexed territory within 30 days of publication of the notice. No petition was filed and the territory was declared annexed on March 25, 1968.

The plaintiff contends that the original incorporation of the junior college district, completely surrounding but omitting District No. 186, violated the requirement of the Public Junior College Act that the territory of such a district be "compact and contiguous for college purposes" (Ill. Rev. Stat. 1967, ch. 122, par. 103—3), and also violated section 1 of article VIII of the constitution of Illinois which provides for a thorough and efficient system of free schools. With respect to the annexation of District No. 186, he does not dispute that the requirements of sections 6—5.6, 6—5.7 and 6—5.8 of the Act (Ill. Rev. Stat. 1967, ch. 122, pars. 106—5.6, 106—5.7, 106—5.8), under which the annexation took place, were fully complied with. He does contend, however, that those sections are unconstitutional as special legislation because, at the time the sections were added to the Act, District No. 186 was the only one surrounded by a junior college district, and because those sections place upon the voters of District No. 186 the burden of petitioning for a referendum on the issue of annexation. Finally, he argues that sections 6—5.7 and 6—5.8 were not adopted in accordance with section 13 of article IV of the constitution of Illinois.

The defendants have answered each of these contentions on the merits. They also contend that this *quo warranto* action is barred by *laches*.

The following considerations are advanced to support their contention of *laches*. This action was commenced on January 2, 1969, nearly two years after the junior college district was originally organized. In the interim its board has levied and collected taxes for the years 1967 and 1968 and has expended these monies to establish the Lincoln

Land Junior College. The board budgeted $415,000 for the fiscal year ending June 30, 1968, and $1,145,239 for the fiscal year ending June 30, 1969. Land has been leased, and contracts have been entered into for the purchase of buildings and facilities for a temporary campus. A faculty and administrative personnel have been employed, and over 1500 students have enrolled and are now attending classes. On December 7, 1968, the voters of the junior college district approved a $5.9 million bond issue by a three to one majority. The board has available $2.3 million for a permanent campus, and condemnation proceedings are currently under way.

*Laches* will not ordinarily bar an action in *quo warranto* brought on behalf of the people. But if, as a result of inexcusable delay and public acquiescence, a judgment of ouster would result in great public inconvenience and detriment, the public interest requires that *laches* be applied in bar of the proceeding. (*People ex rel. Lindsey* v. *Board of Education,* 3 Ill.2d 159; *People ex rel. Zimmerman* v. *Jones,* 308 Ill. 246.) Such is the case here. Adequate notices were given and the actions of the board were matters of public record. Termination of operations of the board would deny a large population access to a junior college.

Our conclusion that this action is barred by *laches* in no way indicates disagreement with the conclusions of the circuit court upon the merits of the case. The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*