# Illinois Official Reports

## Appellate Court

---

**People ex rel. Ervin v. Barnett, 2018 IL App (1st) 172639**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE *ex rel*. NKYIA ERVIN, Plaintiff-Appellant, v. DEAN BARNETT, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-17-2639 |
| Filed | May 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-CH-7376; the Hon. Rodolfo Garcia, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | McStephen O.A. Solomon, of Chicago, for appellant.<br><br>James P. Nally, of Chicago, for appellee. |
| Panel | JUSTICE DELORT delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

¶ 1 Relator Nkyia Ervin filed a petition for leave to file a complaint in *quo warranto* against defendant Dean Barnett, a member of the board of education of a suburban public school district. Ervin's petition alleged that she was the parent of a minor enrolled in one of the district's schools, and that Barnett was a "convicted felon" and thus ineligible to hold his office pursuant to section 29-15 of the Election Code (10 ILCS 5/29-15 (West 2016)). Attached to the petition were copies of letters that Ervin's attorney sent to the Attorney General and the State's Attorney of Cook County requesting that they bring a *quo warranto* action against Barnett on their own. The petition alleged that both offices declined to proceed. The record before us contains a copy of a letter from the state's attorney declining to pursue the matter. Neither Ervin's letters to the two agencies, nor the petition itself, specified any details of the felony in question, such as the date or the nature of the crime committed.

¶ 2 Barnett appeared and filed a motion to dismiss Ervin's petition pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2016)). In the section 2-619 portion of the motion, Barnett argued that the petition should be dismissed because (1) the crime of which Barnett was convicted was not an "infamous crime" as defined by state law; (2) Ervin had not alleged a sufficiently distinct private interest to warrant her ability to file a *quo warranto* petition after the Attorney General and state's attorney had declined to do so; and (3) the issue of Barnett's qualifications had been resolved in another lawsuit and that Ervin's petition was thus barred by the doctrines of *res judicata*, collateral estoppel, and law of the case. In the section 2-615 portion of the motion, Barnett alleged that the petition was defective because Ervin did not file a security for costs when she filed the case as required by section 18-105 of the Code, or issue a formal summons as required by section 18-106 of the Code. *Id.* §§ 18-105, 18-106.

¶ 3 Furthermore, Barnett's motion to dismiss admitted that in 1993, when Barnett was 17 years old, he was convicted in circuit court of Cook County case No. 93-MC6-010900 of the offense of possession of a stolen motor vehicle (Ill. Rev. Stat. 1991, ch. 95½, ¶ 4-103(a)(1)). A copy of the felony complaint is attached to the motion to dismiss. Ervin did not—and does not—dispute the facts surrounding Barnett's conviction. The record also contains a certified statement from the clerk of the circuit court of Cook County showing that on November 15, 1993, Barnett pleaded guilty to the charge in question, was found guilty based on the plea, was sentenced to two years' probation, and thereafter completed probation satisfactorily. Barnett's motion further explained that the circuit court of Cook County had previously resolved the question of whether his felony conviction barred him from running for the school board. In 2017, the same attorney who now represents Ervin represented an objector to Barnett's nomination papers for reelection to the school board. The gist of the objections was that Barnett's felony conviction disqualified him from running for the board. The electoral board adopted a hearing officer's recommendation, which determined that because Barnett's conviction was for "theft," it was for a crime enumerated as an "infamous" crime in section 124-1 of the Code of Criminal Procedure of 1963. On judicial review of the electoral board's decision, Presiding Judge Sullivan of the county division of the circuit court of Cook County entered an order reversing the board's finding and overruling the objections. That court's order found that "the offense of receipt/possession of a stolen motor vehicle is not an infamous crime as set forth in 10 ILCS 5/29-15 as infamous crime is defined in section 124-1 of the 1963

Criminal Code." *Barnett v. Cook County Officers Electoral Board*, No. 2017-COEL-39 (Cir. Ct. Cook County, Feb. 24, 2017).

¶ 4 On September 26, 2017, after briefing, the circuit court granted Barnett's motion and denied Ervin leave to file a *quo warranto* petition. The court found that because Barnett's 1993 conviction was not for an "infamous crime" as defined by state law, Ervin's petition failed to allege a valid basis to bring a *quo warranto* claim. The court further found that the public interest in judicial economy did not favor relitigating an issue which had already been decided in the 2017 proceedings before the Cook County Electoral Board and the circuit court. This appeal followed.

¶ 5 Section 18-101 of the Code allows private parties to file complaints in *quo warranto* with leave of court if the Attorney General and state's attorney have declined to do so on their own. 735 ILCS 5/18-101 (West 2016). Whether to grant a petition for leave to file a *quo warranto* action is a matter within the trial court's sound discretion. *People ex rel. Hansen v. Phelan*, 158 Ill. 2d 445, 449 (1994) (citing *People ex rel. Prather v. Miller*, 331 Ill. 395, 399 (1928)). "In the exercise of its discretion, the court should consider all of the conditions and circumstances in the case, the motives of the relators in instituting the proceedings, the policy of and necessity for the remedy sought, and whether the public interest will be served or damaged by the writ." *Id.* (citing *Miller*, 331 Ill. at 399, and *People ex rel. Weber v. Burson*, 307 Ill. 533, 536 (1923)). We review a trial court's denial of leave to file a *quo warranto* case for abuse of discretion. *Id.*

¶ 6 This case involves interpretation of three statutes. The first is section 29-15 of the Election Code, which provides:

"Any person convicted of an infamous crime as such term is defined in Section 124-1 of the Code of Criminal Procedure of 1963, as amended, shall thereafter be prohibited from holding any office of honor, trust, or profit, unless such person is again restored to such rights by the terms of a pardon for the offense or otherwise according to law." 10 ILCS 5/29-15 (West 2016).

¶ 7 Section 124-1 of the Code of Criminal Procedure of 1963 was repealed in 1986. It contained a specific list of crimes which were "infamous" crimes: "the offenses of arson, bigamy, bribery, burglary, deviate sexual assault, forgery, incest or aggravated incest, indecent liberties with a child, kidnaping or aggravated kidnaping, murder, perjury, rape, robbery, sale of narcotic drugs, subornation of perjury, and theft if the punishment imposed is imprisonment in the penitentiary." Ill. Rev. Stat. 1983, ch. 38, ¶ 124-1 (repealed by Pub. Act 84-1047, § 2 (eff. July 1, 1986)). Despite the repeal of section 124-1, its definition of "infamous crime" remains applicable to section 29-15 of the Election Code. *Alvarez v. Williams*, 2014 IL App (1st) 133443, ¶ 10. The *Alvarez* court stated: "According to the principles of statutory construction, it is well settled that statutes which adopt by specific reference provisions of other statutes are not affected by a subsequent amendment or repeal of the incorporated statute." *Id.* Thus, the *Alvarez* court held, "the repeal of section 124-1 of the Code of Criminal Procedure does not change the classifications for an 'infamous crime' in section 29-15 of the Election Code." *Id.*; accord *People ex rel. Foxx v. Agpawa*, 2018 IL App (1st) 171976, ¶ 17 n.1.

¶ 8 Barnett was charged with violation of the possession of a stolen motor vehicle statute (Ill. Rev. Stat. 1991, ch. 95½, ¶ 4-103(a)(1)), which provided that it was felony for "[a] person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted." Notably, that statute

did not require that the defendant steal or commit any theft himself; it merely required that the defendant "receive, possess, conceal, sell, dispose, or transfer" a vehicle which was *already* stolen.

¶ 9        The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent, and the plain language of the statute is the best indication of that intent. *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 37-38 (2009). "The best evidence of legislative intent is the language used in the statute itself, which must be given its plain and ordinary meaning." *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 552 (2009). "The statute should be evaluated as a whole, with each provision construed in connection with every other section." *Id.* If the statutory language at issue is clear and unambiguous, a reviewing court must interpret the statute according to its terms without resorting to aids of statutory construction. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995).

¶ 10       Distilled to its essence, this case presents a simple question of statutory interpretation. Section 124-1 of the Code of Criminal Procedure of 1963 classified 18 specific offenses as "infamous" crimes. None of these offenses cover Barnett's 1993 conviction of the crime of possession of a stolen motor vehicle. The only one even remotely related to Barnett's conviction is theft, which the electoral board erroneously found was applicable. But Barnett was not convicted of a theft. Rather, he was convicted of the less severe crime of possessing stolen property. Therefore, the "infamous crime" provision of section 29-15 of the Election Code does not disqualify Barnett from holding office as a member of the board of education.

¶ 11       Relying on *People ex rel. Marre v. Countryside Sanitary District*, 5 Ill. App. 3d 747 (1972), Ervin makes an unconvincing argument to the contrary. In *Marre*, the court cautioned against conflating the two steps in the *quo warranto* process: granting leave to file a complaint and the actual complaint itself. *Id.* at 750. Since the circuit court essentially dismissed the case on the merits at the "leave" stage, she contends that the court acted prematurely. We disagree. As our supreme court held in *Hansen*, the court possesses discretion in determining whether even to grant a private party leave to file a complaint in *quo warranto* against an elected official. Put simply, the circuit court was correct when it found that the stolen vehicle offense was not an "infamous" crime. Because Barnett's conviction was for a crime *not* included in section 124-1 of the Code of Criminal Procedure of 1963, allowing Ervin to file her *quo warranto* petition would have been futile, and the law does not require the performance of a futile act. *Geary v. Dominick's Finer Foods, Inc.*, 129 Ill. 2d 389, 400 (1989) (citing *Lang v. Hedenberg*, 277 Ill. 368, 376 (1917)). Therefore, the circuit court did not abuse its discretion in denying Ervin leave to file a complaint in *quo warranto* against Barnett.

¶ 12       Affirmed.