(No. 18617.—

THE PEOPLE *ex rel.* Albert M. Prather *et al.* Appellants, *vs.* G. W. MILLER *et al.* Appellees.

*Opinion filed June 23, 1928—Rehearing denied October 20, 1928.*

ELMER O. FURROW, State's Attorney, (H. ERNEST HUTTON, of counsel,) for appellants.

RAY & YOUNG, LEWMAN & CARTER, and JONES, McINTIRE & JONES, (I. RAY CARTER, and O. M. JONES, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Vermilion county dismissing an information in *quo warranto* to test the legality of a drainage district organized under section 76 of the Farm Drainage act (Cahill's Stat. 1927, p. 1027,) and known as a "district by user." The information was filed, on leave of court, on the relation of appellants, Albert M. Prather and Mary A. Miller. A motion to dismiss the petition was filed, which was denied. Respondents filed three pleas, and later an additional plea, to the information. Relators filed forty-one replications and four additional replications to the pleas, and respondents demurred generally to the replications. Their demurrer was sustained, and relators abiding their replications, the information was dismissed.

The information alleges in each count that two men owning a farm as tenants in common filed a petition with the commissioners of highways of the towns of Ross and Grant, in Vermilion county, to have a drainage district organized under section 76 of the Farm Drainage act, called a district by user. The information averred that the petition for the district described certain ditches and lines of drains which have not been constructed but which are natural ditches and creeks and natural outlets. By the second count it is charged that the petition failed to locate and describe artificially constructed ditches, and failed to describe the boundaries of the district proposed but described certain tile drains that did not then exist. The second count also alleges defects in the notice of the proceedings for organization. The third count alleges, in addition to matters set up in the first and second counts, other defects in the proceedings after the organization of the district, including insufficient notice of classification hearings. Each count charges an unlawful usurpation on the part of the drainage commissioners.

The three pleas and the additional plea set out in detail the petition for the organization of the district, the various pages of the record of the clerk of the district from the time of filing the petition down to the election of commissioners, and allege that the matters set up in the petition for the organization of the district are true. Each plea denies usurpation. The third plea charges *laches* on the part of relators and their predecessor in title, George Prather, and avers that he had knowledge of the proceedings to organize the district, was present and participated therein, and had knowledge that a contract had been let for the construction of ditches costing in excess of $11,000, and that this sum, together with fees of engineers and attorneys, had been expended, and that all but $2000 thereof had been paid before the information was filed, and that, while the

organization was being perfected and the work being done, relators and their predecessor in title stood by for more than six years and permitted the district to let contracts and incur indebtedness.

It appears from the record that the petition for the organization of the drainage district was filed on July 14, 1920, and the organization of the district was effected in August following; that on March 12, 1921, commissioners were elected, who have served since that time; that a classification of the lands was had on November 27, 1920, the contract for the ditches was let May 31, 1924, and the work was begun during the following July and finished in December, 1924. The petition for leave to file this information in *quo warranto* was filed January 23, 1926.

Numerous questions are raised on the errors assigned. We will first consider the ground of *laches,* set up by the third and the additional pleas. One of the replications to this plea (the forty-first) denies that George Prather, appellants' predecessor in title, stood by for more than six years and permitted contracts to be let and indebtedness incurred, but alleges that he and another land owner appeared at the meetings for organization and stated reasons why the district could not be organized under the User act and called attention to defects in the petition, and that Prather and his agents and attorneys gave specific reasons to the contractor, before he had offered any bids, why the district was not validly organized. This replication also sets up that later appellants objected in the county court to judgment for delinquent assessments to pay for the work of the district; that the county court overruled their objections, and on appeal to the Supreme Court a decision was rendered at the December, 1926, term reversing the order of the county court and directing that appellants' objections to the tax be sustained. This, in substance, was the answer of appellants to the third and the additional pleas. A gen-

eral demurrer thereto was sustained by the court. The judgment of the court sustaining the demurrer and dismissing the information is urged as error.

It appears from the third plea and the forty-first replication that appellants and their father had full knowledge of the proceedings from the beginning of the organization of the district and that the petition for leave to file the information was not filed for more than six years after the organization. They seek to excuse this delay by their allegations in this replication that George Prather, their father, appeared at the meeting for the organization of the district and contended that it was not being validly organized; that he read from certain decisions of the Supreme Court, and that he notified the contractor, before the contract was let, of his objections. This is not sufficient to prevent the application of the doctrine of *laches*. It is usual in cases of this kind that some property owner objects and states his objections in the meetings. It is not sufficient that he rest there. If he would raise a question of the validity of the proceedings he should proceed in the manner provided by law to question the validity of the organization of the district in court, where the matter may be determined and expenditure of money and labor may be prevented. The writ of *quo warranto* is not a writ of right but lies in the sound discretion of the court, which may consider all the circumstances and conditions, the motives of the relators in having the proceedings instituted, and whether the public interest will be served or damaged by the writ and the necessity for and policy of allowing the remedy. An unreasonable delay or acquiescence on the part of persons complaining, as well as a consideration of the public interest or convenience, will justify a refusal to grant leave to file the information or proceed to judgment although no statute of limitations has intervened. (*People* v. *Jones,* 308 Ill. 246; *People* v. *Burson,* 307 id. 533; *Peo-*

*ple* v. *Stewart,* 306 id. 470; *People* v. *Rendleman,* 250 id. 289; *People* v. *Crowley,* 250 id. 282; *People* v. *Hanker,* 197 id. 409; *People* v. *Schnepp,* 179 id. 305.) Here appellants and their immediate predecessor in title stood by and took no action to question the organization of the district during the time in which more than $11,000 was expended in improvements in the district. The case of *People* v. *Prather,* 322 Ill. 280, referred to in the forty-first replication, was not a case contesting the organization of the district, but the basis of the objection filed by the father of appellants to the tax in that case was that an improper classification had been made, and his objection was sustained on that ground. Such proceeding does not constitute action contesting the organization of the district. We are of the opinion that on this ground, alone, the circuit court was justified in dismissing the information. This ground was urged in the third plea, and the demurrer to the replication filed thereto was properly sustained. One good plea is sufficient to bar the action.

Since by reason of *laches* appellants were not entitled to the relief sought, it is not necessary to consider other questions raised on this record.

Appellants' counsel say that the ground on which the circuit court sustained the demurrer to the replications was that a curative act had been passed by the legislature, and that the court was of the view that the curative act validated the organization of the district. This court, on appeal, reviews the judgment of the circuit court and not the reasons assigned for it.

For the reasons here indicated the judgment was right, and it will be affirmed.             *Judgment affirmed.*