(No. 35048.—

THE PEOPLE *ex rel.* Chas. G. Blake Co., Appellee, *vs.* THE OAK WOODS CEMETERY ASSOCIATION, Appellant.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

HERSHEY and KLINGBIEL, JJ., dissenting.

WILLIAM C. WINES, and ISHAM, LINCOLN & BEALE, both of Chicago, (CHARLES A. BANE, ROBERT E. CRONIN, and A. DANIEL FELDMAN, of counsel,) for appellant.

ALBERT J. MESEROW, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Charles G. Blake Company, a corporation engaged in the sale of grave markers and monuments, brought this *quo warranto* action challenging the right of the defendant, The Oak Woods Cemetery Association, a corporation, to engage in the same business. The defendant answered, and the plaintiff moved to strike the answer and for judgment of ouster. The motion was allowed, and judgment of ouster was entered. The defendant appeals directly to this court because a franchise is involved. Ill. Rev. Stat. 1957, chap. 110, par. 75.

*People ex rel. Anderson Monument Co.* v. *Rosehill Cemetery Co.* 3 Ill.2d 592, decided in 1954, involved an almost identical situation. There, as here, the monument company was located directly across the street from the cemetery. Two issues were presented in that case: first, whether the plaintiff had the requisite standing to enable it to challenge as *ultra vires* the acts of another corporation, and second, whether the defendant was authorized to engage in the business of selling monuments, markers and the like. We held that the plaintiff was entitled to maintain the action and that the defendant lacked authority to engage in the challenged activities. The case was a close one. On the question of the plaintiff's standing to sue, three justices dissented, and one justice dissented from the decision on the merits. The same two issues are presented in this case. On both issues the defendant argues, despite the substantial identity of the operative facts in the two cases, that decision here is not governed by the *Anderson Monument Company case*.

As to the plaintiff's standing to maintain the action, it is pointed out that the Rosehill Cemetery Company, defendant in the *Anderson Monument Company case*, had been granted in its charter the power of eminent domain, and was therefore a "quasi-public corporation." Because the pres-

ent defendant has not been granted that power, it is urged that the *Anderson Monument Company case* is not controlling. But the decision in that case did not make the plaintiff's right to sue depend upon the characteristics of the defendant. In considering the plaintiff's standing, no mention was made of the powers of the defendant, usual or otherwise. Rather the emphasis was upon the nature of the plaintiff's interest, and its individual and peculiar position of vulnerability with respect to the defendant's activities. The court said: "* * * it appears that plaintiff does have a sufficient individual interest in the question to maintain a *quo warranto* action on its own relation. Its location across from defendant's cemetery, peculiar to it so far as the record shows, and the fact that a majority of its business is derived from owners of lots in such cemetery make its interest different not only from that of the general public but its individual interest differs even from others engaged in a like business." 3 Ill.2d at p. 596.

There are decisions that have held that a plaintiff lacked an interest sufficient to maintain a suit in equity to enjoin a corporate competitor from engaging in particular business activities not authorized by its charter. (*New Orleans, Mobile and Texas Railroad Co.* v. *Ellerman,* 105 U.S. 166, 26 L. ed. 1015; *Golconda Northern Railway* v. *Gulf Lines Connecting Railroad of Illinois,* 265 Ill. 194.) These cases were also urged upon us by the defendant in the *Anderson Monument Company case.* We adhere to the conclusion there reached, that a competitor situated as is the plaintiff in this case has an interest that is sufficiently direct and immediate to entitle it to maintain an action under the Quo Warranto Act. Ill. Rev. Stat. 1957, chap. 112, par. 10.

On the merits the defendant urges that it has specific authority under its charter to sell and install monuments and markers. The charter provision that is relied upon is: "The said Board of directors shall have the power to make such improvements in the said cemetery, or the streets ad-

joining the same, as they shall deem proper and may regulate and control the manner in which trees and shrubs shall be planted or the erection of tombs and monuments, vaults, stones and railings or other improvements, or ornaments, in and about any lot that may belong to or, be occupied by any person in said cemetery." By a process of elision the defendant reads this provision as authorizing it to make "improvements * * * in and about any lot that may belong to or be occupied by any person in said cemetery." But that is not the power that the charter confers. The power of the cemetery with respect to monuments and markers within the lots in the cemetery is limited to a power to "regulate and control." The charter does not grant the power to make improvements of that kind within the cemetery lots that belong to others.

The defendant also again points to the fact that the charter of the Rosehill Cemetery, which was before us in the *Anderson Monument Company case,* gave the cemetery corporation the power of eminent domain. The defendant's charter does not contain a similar provision, and it is argued that the *Anderson Monument Company case* is therefore distinguishable. The *quasi*-public character of the Rosehill Cemetery Company was pointed out in the *Anderson Monument Company case* in connection with the contention that its charter powers should be liberally construed. After discussing cases that dealt with the implied powers of corporations generally, the opinion continued, "These cases and many others are eminently correct, but they deal with implied powers of corporations which are not in the preferred class of the defendant. Rosehill is a *quasi*-public corporation with the right of eminent domain. (*Rosehill Cemetery Co.* v. *Hopkinson,* 114 Ill. 209.) It has certain other privileges not enjoyed by business corporations, including exemptions from taxes. (*People* v. *Rosehill Cemetery Co.* 371 Ill. 510.) As a consequence, its powers should be

strictly construed lest it be put in such a preferred position as to constitute a menace to free enterprise." 3 Ill.2d at 598.

The power of eminent domain was a factor leading to the rule of strict construction of charter powers that was applied in the *Anderson Monument Company case*. But it was not the only factor. Tax exemption was another, which obviously tended to put the corporation "in such a preferred position as to constitute a menace to free enterprise." And among "other privileges not enjoyed by business corporations," the present defendant is authorized to improve streets adjoining the cemetery, to employ policemen, and to receive one-half of the fines imposed for certain misconduct within the cemetery. Its property is not subject to the power of eminent domain. These unusual powers and exemptions are sufficient to invoke the rule of strict construction applied in the *Anderson Monument Company case*.

Defendant also contends that when this court decided the *Anderson Monument Company case* it was not aware that in this country cemeteries generally sell monuments and markers. But the fact is otherwise. The answer of the defendant in that case contained substantially the same allegations that are made by the defendant in this case. And the briefs of the appellee and of *amici curiae* raised in that case the same contention that is advanced by the defendant in this case.

Finally, the defendant contends that the plaintiff is barred by *laches*. The contention is based upon the flat allegation, in the verified answer to the *quo warranto* complaint, that defendant had engaged in the challenged activities since 1871. But the question of *laches* was also before the court upon the application for leave to file the complaint in *quo warranto*. (*People ex rel. Prather* v. *Miller*, 331 Ill. 395.) The petition for leave to file the complaint alleged that the defendant had been engaged in the sale of monuments, markers for graves, tombstones and memo-

rials since 1951, and that since 1951, when the defendant went into that business, plaintiff's sales in Oak Woods Cemetery have declined more than fifty per cent. The verified answer to this petition alleged that the defendant had "engaged in said activities, or some of them, many years prior to 1951. In particular, Respondent has been engaged in the sale of markers since, at the latest, 1871. * * * Respondent admits that since the spring of 1951, petitioner's sales of its products to lot owners and relatives of persons buried in Oak Woods Cemetery have steadily declined. Respondent admits that such decline is in substantial part due to Respondent's engaging in the business of selling monuments, markers, tombstones and memorials."

The pleadings are thus at best equivocal as to the length of time the defendant had engaged in the activities here involved. And there is no allegation of facts that would indicate that any considerations of public interest and convenience have been adversely affected by whatever delay has ensued since the defendant began to engage in the challenged activities.

The judgment of the superior court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HERSHEY, dissenting:

As in the case of *People ex rel. Anderson Monument Co.* v. *Rosehill Cemetery Co.* 3 Ill.2d 592, 600, I must dissent to this opinion. The majority again sanctions an extension of the remedy of *quo warranto* far beyond that contemplated by the legislature and contrary to time honored principles of law. The principles stated in my dissent to the *Rosehill* opinion are as fully applicable here as there, and I reaffirm and restate my entire position therein. The alleged *ultra vires* acts of the Oak Woods Cemetery Association should not be subject to attack by another corporation by *quo warranto* merely because they are competitors in the sale of cemetery monuments.

Mr. JUSTICE KLINGBIEL joins in this dissent.