The People of the State of Illinois ex rel. William Hettleman and Thomas A. McManigal, Plaintiffs-Appellants, v. Board of County Commissioners of Cook County, William G. Clark, Attorney General, John J. Stamos, State's Attorney of Cook County, John W. Daly, President Cook County Law Library Advisory Board and William J. Powers, Jr., Executive Librarian, Cook County Law Library, Defendants-Appellees.

Gen. No. 53,031.

First District, First Division.

November 18, 1968.

Rehearing denied December 30, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Vincent Bentivenga, Jr., Assistant State's Attorney, and Edward J. Hladis, Chief of Civil Division, of counsel), and Spray, Price, Hough & Cushman, of Chicago (Robert S. Cushman and Benno P. Ludwig, of counsel), for appellees.

Thomas A. McManigal and William Hettleman, pro se, of Chicago, appellants.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

William Hettleman and Thomas A. McManigal (hereinafter referred to as plaintiffs) filed a petition pro se in the Circuit Court for leave to file a complaint in quo warranto against the Board of Commissioners of Cook County. The plaintiffs sought to have the Board of Commissioners be required to show by what warrant it claimed to have defrayed the cost and expense of moving approximately 140,000 volumes, records and equipment, constituting the library property of the Chicago Law Institute, dur-

ing the period of August 22, 1966, to September 3, 1966; to have paid to the Public Building Commission approximately $22,000 for each month thereafter, as rental for the space occupied on the 29th floor of the Chicago Civic Center in which to house the property of the Chicago Law Institute; and to have paid, since August 22, 1966, wages and salaries to sundry employees of the Chicago Law Institute and others to provide services to the members of the Chicago Law Institute in the use of said library and in the upkeep of the premises on the 29th floor of the Civic Center.

The petition further recited that the plaintiffs requested the State's Attorney of Cook County and the Attorney General of the State of Illinois to file such a complaint in quo warranto, but that both the State's Attorney and the Attorney General refused plaintiffs' request. The plaintiffs further alleged that they were residents and taxpayers of Cook County; that they have been and are members in good standing of the Chicago Law Institute, a not-for-profit Illinois corporation; that they have a pecuniary interest in the said corporation which is being violated contrary to the Constitution of Illinois; and that all of the foregoing acts and expenditures by the Board of Commissioners were direct, wilful and deliberate violations of the Constitution of the State of Illinois and various Illinois statutes.

A motion was filed by the Board of Commissioners and by John W. Daly, President of the Cook County Law Library Advisory Board to dismiss the petition for leave to file a complaint on the grounds that the petition did not comply with section 9 of the Quo Warranto Act (Ill Rev Stats 1967, c 112, § 9) which contains the prerequisites necessary to bring a quo warranto proceeding. A motion to strike the motion to dismiss the petition was filed pro se by the plaintiffs.

On June 5, 1967, an order was entered denying the plaintiffs' petition for leave to file their complaint in quo

warranto. The next day, June 6, 1967, the plaintiffs' motion to vacate the order denying them leave to file a complaint was denied. The plaintiffs then filed an appeal in the Illinois Supreme Court and that Court transferred the case to this Appellate District.

We were advised by the plaintiffs in their brief and during oral argument that a decree was entered on July 13, 1966, by Judge Donald J. O'Brien in a case involving the same series of occurrences as the instant case. The decree approved a contested contract executed on December 6, 1965, between Cook County and the Chicago Law Institute. The contract gave all of the Institute's assets, including its unique and valuable library collection of about 140,000 volumes to Cook County. The last mentioned paragraph of the Contract states, as follows:

> The transfer of the Institute's law library to the County shall be made at the expiration of thirty-five days from the entry of a decree by the trial court . . . unless an appeal has been taken before the expiration of the thirty-five days. If an appeal has been taken from the decree . . . then the transfer shall not be made until the decree is finally affirmed or the appeal dismissed . . . If a favorable decree is finally entered, the transfer shall take place . . . thereafter. Both the Institute and the County shall execute any and all checks, documents, bills of sale and other papers . . . for the purpose of making the transfer effective and for title to the law library and other assets transferred to it.

On August 10, 1966, Robert S. Cushman, attorney for the Chicago Law Institute wrote a letter to Daniel P. Coman, Assistant to Seymour Simon, President of the Cook County Board, advising him that the notice of the appeal of Judge O'Brien's decree was not made a supersedeas because no supersedeas bond was filed within the time allowed. The letter went on to state:

[Y]ou have offered to relocate the Institute's law library . . . and operate the library as a County law library under the applicable statutes. All costs of the relocation will be borne by the County of Cook. All invoices . . . received by the Chicago Law Institute on or after August 8, 1966, will be paid for by the County. All employees of the Institute will resign as of August 12, 1966, and will become employees of the County of Cook as of August 15, 1966. . . . If the decree is finally reversed, the County will, at its expense, return the Institute's law library to its present location. . . . [T]he library of the Chicago Law Institute will be moved during the period from August 16 to August 31, 1966, and thereafter will be located on the twenty-ninth floor of the Civic Center.

On August 12, 1966, a notice was posted on the entrance door of the Institute on the 10th floor of the County Building stating that the Institute "will be moved to and thereafter be located on the 29th floor of the Civic Center." All members were thereafter barred from entering the premises on the 10th floor of the County Building.

The plaintiffs apparently maintain that the ouster of the Chicago Law Institute by Cook County from the 10th floor of the Cook County Building, between August 22, 1966, and September 3, 1966, violated a valid and subsisting lease agreement in which the plaintiffs had and have both personal and proprietary rights. The plaintiffs further argue that they have been and are summarily and illegally deprived of these rights. They state that the lease agreement was in force up to the time the July 13, 1966, decree was entered by Judge O'Brien. Plaintiffs question the right of the Institute's Board to dispose of the lease or any other asset of the Institute or to authorize Cook County to oust it and its members from the 10th floor of the County Building in light of the vote of the Institute's members at their special meeting on

314

June 18, 1965, refusing to donate the Institute's assets to the County.

The plaintiffs allege that the Board of Commissioners of Cook County has acted and expended public monies in direct, wilful and deliberate violation of article IV, section 20 of the Constitution of the State of Illinois, sections 958 and 959 of chapter 34 of the Illinois Revised Statutes, and of other Illinois Statutes. By quo warranto the plaintiffs seek to require the Board of Commissioners to show by what warrant it claims the right to use the monies of the taxpayers of Cook County to defray the costs of moving the library, to pay $22,000 monthly rental, to pay wages and salaries of the Institute's employees, and to conduct, operate and maintain the Institute Library in the Civic Center Building.

In the case at bar there is only one issue on appeal, and this is whether or not the plaintiffs are entitled to file a complaint in quo warranto. Section 9 of the Quo Warranto Act of 1937 (Ill Rev Stats, 1967, c 112) states the grounds for maintaining proceedings in quo warranto, as follows:

A proceeding in quo warranto may be brought in case:

(a) Any person shall usurp, intrude into, or unlawfully hold or execute any office, or franchise, or any office in any corporation created by authority of this State;

(b) Any person shall hold or claim to hold or exercise any privilege, exemption or license which has been improperly or without warrant of law issued or granted by any officer, board, commissioner, court, or other person or persons authorized or empowered by law to grant or issue such privilege, exemption or license;

315

(c) Any public officer shall have done, or suffered any act which by the provisions of law, works a forfeiture of his office;

(d) Any association or number of persons shall act within this State as a corporation without being legally incorporated;

(e) Any corporation does or omits to do any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises powers not conferred by law;

(f) If any railroad company doing business in this State, shall charge an extortionate rate for the transportation of any freight or passenger, or shall make any unjust discrimination in the rate of freight or passenger tariff over or upon its railroad.

The plaintiffs, after being questioned during oral argument, stated that they had filed their petition under subsection (b) of the above section.

It is provided by the Quo Warranto Act that the proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator. If, as is the case here, both the Attorney General and the State's Attorney have refused the request of an individual to bring a quo warranto action, that individual may file a complaint in the name of the State providing he first obtains leave of the court. Ill Rev Stats 1967, c 112, § 10. The statute was not intended, however, to give an individual the right to bring the proceeding to correct a wrong common to the public. Rowan v. City of Shawneetown, 378 Ill 289, 38 NE2d 2. Thus, to entitle an individual to maintain a quo warranto action his interest must be

316

personal to him, People ex rel. Chas. G. Blake Co. v. Oak Woods Cemetery Ass'n, 17 Ill2d 64, 160 NE2d 759, and an interest which he shares in common with the general public is insufficient under the statute. People ex rel. Hannawell v. Dimmick, 35 Ill App2d 10, 181 NE2d 825 (abstract). In addition, a petition for leave to file a complaint in quo warranto must recite facts, not mere conclusions of the pleader, sufficient to satisfy the court that there are competent grounds for the proceeding. People ex rel. Lutz v. France, 314 Ill 51, 145 NE 240. Also, the granting or withholding of leave to file a complaint in quo warranto rests in the sound discretion of the court. People ex rel. Smith v. Wiseh, 345 Ill App 609, 104 NE2d 353 (abstract).

The plaintiffs apparently seek an accounting from public officials of their expenditure of certain monies. It is clear, however, that the plaintiffs do not question the right of any public official to hold office, nor the authority of any public official to act. They do not question the authority of the Board of Commissioners of Cook County to establish, maintain and operate a county law library pursuant to the County Law Library Act of 1961 (Ill Rev Stats 1967, c 81, § 81).

█ It is not the function of the extraordinary writ of quo warranto to determine the legality of official acts of public officials whose right to hold office and whose authority to act is not questioned. People ex rel. Chillicothe Tp. v. Board of Review of Peoria County, 19 Ill2d 424, 167 NE2d 553.

The plaintiffs alleged in their petition that "they are residents, citizens and taxpayers of Cook County, State of Illinois; have been and are members in good standing of the Chicago Law Institute, an Illinois corporation, not-for-profit, since 1939 and 1952, respectively; and have a pecuniary interest in said corporation . . . ." Plaintiffs argue that their petition showed rights peculiar and per-

sonal to themselves as members of the Chicago Law Institute which residents and taxpayers of Cook County do not possess.

Bare allegations by plaintiffs that they have a pecuniary interest in the Chicago Law Institute which is being violated contrary to law is merely a legal conclusion which does not show any personal, peculiar, and unique interest different from the interest of any other members of the Law Institute or the public at large as required by section 10 of the Quo Warranto Act. It is clear that plaintiffs do not represent the Chicago Law Institute in these proceedings nor do they claim such a right. It is also clear that the plaintiffs did not make the Institute a party to this action. It is undisputed that the decree approving the contested contract between Cook County and the Chicago Law Institute is now final. A substantial part of plaintiffs' briefs sounds as though it were an appeal from that decree and a rehash of the dispute by some of the members of the Institute.

■ For the foregoing reasons, the orders of the Circuit Court denying the petition for leave to file a complaint in quo warranto and denying the motion to vacate the order denying the petition is affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.