The People *ex rel.* Gerald J. Brooks, City Attorney, of Wheaton, Plaintiff-Appellant, *v.* The Village of Lisle, Defendant-Appellee.

(No. 72-305;

Second District—December 9, 1974.

Gerald Brooks, of Naperville, for appellant.

Richard J. Hill, of Geneva, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff appeals from an order denying its petition for leave to file a quo warranto complaint. The issue presented for review is whether plaintiff, as a municipality and as a representative of its citizens, has standing to initiate quo warranto proceedings challenging defendant's annexation of territory outside of plaintiff's corporate limits.

In 1968, the defendant passed an ordinance annexing the territory in question. Thereafter, plaintiff requested both the Attorney General and the Du Page County State's Attorney to file a quo warranto action to challenge the annexation. The requests were denied and, 4 years later, on its own relation, plaintiff petitioned for leave to file a quo warranto complaint on the basis that it (plaintiff) was a citizen having an interest in the question to be resolved. In affidavits filed, plaintiff asserted that it had a governmental interest in the planning and zoning of territory outside its corporate limits. After a hearing, the trial court found plaintiff was not a proper party and denied leave to file the complaint in quo warranto.

To determine whether, under the quo warranto statute (Ill. Rev. Stat. 1971, ch. 112, § 10),[1] plaintiff is a proper party requires a study of the

[1] "The proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his own relation, when he has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed so to do, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by any court of competent jurisdiction, or any judge thereof."

fundamental characteristics of quo warranto, its origin and development.

Quo warranto is defined as "[a]n extraordinary proceeding, prerogative in nature, addressed to preventing a continued exercise of authority unlawfully asserted." (Black's Law Dictionary 1417 (4th ed. 1951.) Originally, the action could only be brought to correct public wrongs and was not available for the correction of private wrongs. In Illinois, the Quo Warranto Act of 1874 abrogated the common-law rule and allowed the issuance of the writ to correct wrongs done to either public or private rights. (The dual role of the quo warranto action remains the law today. See Ill. Rev. Stat. 1973, ch. 112, § 9 *et seq.*)

Under the 1874 statute a fundamental distinction arose between quo warranto proceedings brought to protect purely public interests and those brought to enforce a private right. In cases where the public interest was involved, the Attorney General and State's Attorney were held to have the sole, absolute and discretionary power to decide whether the action should be brought. The discretion vested in these state officials could not be controlled, coerced or reviewed by others. (This is true today.) Even when a private interest was involved, it was necessary that the action for quo warranto be commenced in the name of the People by one of these State officials and, at times, a mandamus action was required to compel its initiation. Today, under the Quo Warranto Act of 1937, the mandamus procedure has been eliminated. After an individual's request has been refused by state officials, the person can, on his own relation, apply directly to the court for leave to file a quo warranto complaint. (For a complete explanation, see *Rowan v. City of Shawneetown*, 378 Ill. 289, 294-97 (1941), overruled for other reasons in *People ex rel. McCarthy v. Firek*, 5 Ill.2d 317, 325 (1955).)

Prior to *Firek, supra,* public and private rights were found to be mutually exclusive. (*Rowan v. City of Shawneetown, supra.*) The *Firek* decision eliminated the distinction and recognized that the right sought to be protected could be both public and private in nature. (*People v. Firek, supra,* at 323-325.) Thus, today the fact that the wrong sought to be remedied is in one sense public in nature would not be sufficient in and of itself to sustain a denial of a citizen's quo warranto complaint where a sufficient private interest is specifically alleged.

■■■ *Firek* did not, however, alter the statutory language that determines who is the proper party plaintiff to bring a quo warranto action. (See Ill. Rev. Stat. 1971, ch. 112, § 10.) The right to act as representative for the People remains inherently, exclusively and legally vested in the Attorney General and the State's Attorney. Where matters of purely public import touching no private interest are involved, only these public officials can qualify as proper party plaintiffs. This limitation was in-,

tended to avoid the confusion and possible dispute which might arise if concurrent control of the quo warranto remedy was to vest in other hands. (*People v. Wood*, 411 Ill. 514, 521-25 (1952).) We therefore find that the City of Wheaton, in its capacity as representative of the People, fails to qualify under section 2 of the Quo Warranto Act as a proper party plaintiff to assert a public right.

■■ There remains the question of whether the City of Wheaton is a proper party to apply for leave to file a quo warranto complaint as a "citizen having an interest in the question on [its] own relation." As previously noted, this interest must be private in nature in order to entitle one to file a petition on his own relation. Although it may appear that the City of Wheaton, in a certain sense, has an interest not common to the general public, only by turning our backs on the fundamental characteristics of quo warranto, its origin and development, could we find plaintiff's interest to be private. (*People v. Wood, supra*, at 524.) The right here asserted is plaintiff's interest in planning and zoning for adjacent territory outside its municipal boundaries, clearly a governmental rather than private function. (See *Merrill v. City of Wheaton*, 379 Ill. 504, 509 (1942), for the distinction between governmental and private functions.) We find no private interest asserted and thus the City of Wheaton fails to qualify as a "citizen having an interest in the question on [its] own relation."

For the foregoing reasons, we find that the trial court was correct in finding that the City of Wheaton was not a proper party plaintiff and in denying plaintiff's petition.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.