THE PEOPLE *ex rel.* CITY OF NORTH CHICAGO, Plaintiff-Appellee, *v.* THE CITY OF WAUKEGAN, Defendant-Appellant.

Second District No. 82—861

Opinion filed July 5, 1983.

Robert E. Lessman, of Diver, Bollman, Grach, Quade & Lessman, of Waukegan, for appellant.

Richard J. Smith and William Rosing, both of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, city of Waukegan, appeals from a judgment of ouster entered on the pleadings in a *quo warranto* action brought by plaintiff, city of North Chicago. The issues we consider are whether North Chicago had standing to bring *quo warranto*; whether the trial court erred in entering judgment on the pleadings; and, whether Waukegan's motion to amend its answer to the complaint should have been granted.

This case arises out of Waukegan's effort to annex approximately 600 acres of farmland lying south of its border as requested by all of the owners and 51% of the electors residing therein. The territory consists of two parcels bounded on the north by Pulaski Drive and Waukegan city limits; on the east by U.S. Route 41; on the south by

22nd Street and on the west by the Milwaukee Road Railroad and Waukegan Road. As described by metes and bounds in the petition for annexation presented to Waukegan on February 22, 1982, pursuant to section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—8), the territory had a common boundary with Waukegan for approximately 2,360 feet. The notices required by section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—1) to be given to other interested governmental units were made by Waukegan and described the territory in the same manner as did the petition. Thereafter, on June 14, 1982, the city council adopted an ordinance annexing the territory as requested in the annexation petition. However, in section 1 of this ordinance, by which the territory was declared annexed, an error in the metes and bounds description created an 82-foot gap between Waukegan and the territory sought to be annexed. In section 2 of the ordinance, however, in which the territory was described for zoning and development purposes, it was correctly described so as to establish contiguity with the city.

North Chicago thereafter presented a petition for leave to file a complaint in *quo warranto*, alleging the Attorney General and State's Attorney had on request declined to do so. It also alleged that roadway portions of the subject property were within the corporate limits of the city of North Chicago and that it had a substantial private interest in the matter to preserve its corporate boundaries. Waukegan objected, asserting the petition failed to allege facts demonstrating a private interest in North Chicago sufficient to provide standing to institute *quo warranto* after the Attorney General and State's Attorney had refused to do so. The trial court overruled defendant's objections and granted North Chicago leave to proceed in *quo warranto*.

North Chicago's complaint alleged generally that the disputed annexation unlawfully included within its boundaries portions of the city of North Chicago. It prayed that Waukegan be required to show by what right and authority it exercised jurisdiction over that territory and on its failure to justify or disclaim that it be ousted by the court from the exercise of authority over the territory. Waukegan answered the complaint setting forth, *inter alia*, the petition for annexation, notices, an annexation agreement with the owners, and the ordinance annexing the property which was adopted on June 14, 1982. It also raised as affirmative defenses the allegedly improper prior annexations of certain roads by North Chicago, and disclaimed any interest on the part of Waukegan to portions of U.S. Route 41.

Prior to a hearing on the merits of the *quo warranto* proceeding,

Waukegan discovered the error in the description of the territory contained in its annexation ordinance and on October 18, 1982, its council adopted a new ordinance annexing the property in which the error was corrected to show that the subject property was in fact contiguous with Waukegan's boundaries. When Waukegan then sought to amend its answer to incorporate the new annexation ordinance and a plat of annexation, North Chicago objected and moved for judgment on the pleadings. The trial court denied the amendment and entered judgment in favor of North Chicago on the grounds that under the June 14, 1982, annexation ordinance no portion of the subject property was contiguous to the city of Waukegan as is required by statute. (Ill. Rev. Stat. 1981, ch. 24, pars. 7—1—1, 7—1—8.) The judgment of ouster from which this appeal is taken was thereafter entered.

■ We consider first whether North Chicago has standing to bring an action under the *quo warranto* statute (Ill. Rev. Stat. 1981, ch. 110, par. 18—101 *et seq.*) to challenge the purported annexation by the city of Waukegan of territory located within the corporate limits of the city of North Chicago.

Section 18—102 of the Act provides:

> "The proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his or her own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his or her own relation, when he or she has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed to do so, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by the circuit court." Ill. Rev. Stat. 1981, ch. 110, par. 18—102.

It has been established that *quo warranto* is the proper remedy to test the validity of an annexation by a municipality. (See, *e.g.*, *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 833, 356 N.E.2d 806, *appeal denied* (1977), 65 Ill. 2d 580; *People ex rel. Town of Richwoods v. City of Peoria* (1967), 80 Ill. App. 2d 359, 363, 225 N.E.2d 48.) It has also been determined that only the Attorney General or State's Attorney may apply for a writ of *quo warranto* in matters of purely public concern or interest and their discretion in . such matters is absolute. (*People ex rel. Turner v. Lewis* (1982), 104 Ill. App. 3d 75, 77-78, 432 N.E.2d 665; *People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill.

App. 3d 112, 113, 412 N.E.2d 718; *People ex rel. Brooks v. Village of Lisle* (1974), 24 Ill. App. 3d 432, 434, 321 N.E.2d 65.) In the present case the Attorney General declined to institute the action as it "appears to be primarily of local interest" and the State's Attorney also declined noting the dispute concerned the interests of the city of North Chicago and city of Waukegan and his refusal "will clear the way to enable you to file your own *quo warranto* action."

 █ A citizen may not, however, institute a *quo warranto* proceeding in his own interest unless it has been shown that a private interest has been invaded and adversely affected by the action sought to be challenged. (*People ex rel. Turner v. Lewis* (1982), 104 Ill. App. 3d 75, 77, 432 N.E.2d 665.) If a sufficient private interest is alleged, the fact that the wrong sought to be remedied may also have a public aspect would not be sufficient to require denial of a citizen's request to bring a *quo warranto* action. *People ex rel. Brooks v. Village of Lisle* (1974), 24 Ill. App. 3d 432, 434, 321 N.E.2d 65; *People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 323, 125 N.E.2d 637.

Waukegan relies primarily upon *People ex rel. Brooks v. Village of Lisle* to support its argument that North Chicago lacks standing to challenge by *quo warranto* the annexation of territory by Waukegan which is alleged to be within the corporate boundaries of North Chicago. That case must be distinguished, however, as there the court held that the city of Wheaton lacked standing to challenge the annexation of territory by the village of Lisle which was *outside* of Wheaton's corporate limits, even though Wheaton claimed an interest in planning and zoning in that area. See also *People ex rel. Durst v. Village of Germantown Hills* (1977), 51 Ill. App. 3d 969, 367 N.E.2d 426; *People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 115, 412 N.E.2d 718.

North Chicago offers *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 331 N.E.2d 373, and *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 342 N.E.2d 196, as authority for its argument that a municipality has standing to institute a *quo warranto* proceeding where its territory has been annexed by another municipality. That was the remedy sought in these cases; however, it appears to have been undertaken without objection and the reviewing courts did not discuss the issue of standing.

██ We have concluded that when the Attorney General and State's Attorney have declined to do so, a city whose territory is alleged to have been annexed by another city is authorized by section 18—102 of the *quo warranto* act to institute that proceeding. The rel-

evant statutes bar annexation of territory by a municipality which is within the corporate limits of another municipality (see Ill. Rev. Stat. 1981, ch. 24, pars. 7—1—1, 7—1—8), and, as we have noted, *quo warranto* is the established remedy to test the validity of an annexation. This court also noted in *People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 115, 412 N.E.2d 718, that "a municipality *** exercises both governmental and proprietory functions—they are concerned with both private or proprietory interests and public or governmental ones, either of which might be threatened by the annexation of territory it was exercising dominion over." The interest, and responsibility, imposed upon a city for police, fire, street maintenance and other services over territory within its corporate limits is sufficient to permit it to challenge in *quo warranto* the purported annexation of a portion of its territory. *Quo warranto* uniquely permits resolution of competing rights of diverse parties as seen here. (Ill. Rev. Stat. 1981, ch. 110, par. 18—103.) We see no basis to deny standing to North Chicago for that purpose in this case and find that the trial court did not abuse its discretion in permitting North Chicago to proceed on its own relation. *People ex rel. Koplin v. Village of Hinsdale* (1976), 38 Ill. App. 3d 714, 718, 348 N.E.2d 483; *People ex rel. Zimmerman v. Jones* (1923), 308 Ill. 246, 249, 139 N.E. 403; *People ex rel. Hettleman v. Board of County Commissioners* (1968), 102 Ill. App. 2d 310, 317, 243 N.E.2d 531, *appeal denied* (1969), 40 Ill. 2d 578.

■■ ■ We next consider whether the trial court erred in its finding that the territory sought to be annexed was not contiguous to Waukegan and entering judgment on the pleadings ousting Waukegan.

There can be no justification for annexation absent statutory authority and one requisite for a valid annexation is that territory sought to be annexed is contiguous to the municipality. (*People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 11, 417 N.E.2d 125; *People ex rel. Johnson v. City of Waukegan* (1976), 35 Ill. App. 3d 713, 717-18, 342 N.E.2d 480.) In *City of Belleville*, the supreme court also determined that territory must be contiguous at the time a petition for its annexation is filed. In the present case the trial court focused upon the description contained in the first annexation ordinance adopted by Waukegan in response to the petition for annexation presented to it. As we have noted, the ordinance contained an error in the legal description by which the territory sought to be annexed appeared to lack contiguity with the city. The trial court concluded that under the ordinance description the statutory requirement of contiguity was lacking and the annexation was fatally defective. In

making its determination, the trial court relied upon *In re Annexation to the City of Springfield* (1967), 85 Ill. App. 2d 191, 228 N.E.2d 755, in which it was held that the proceeding for annexation of territory which was not contiguous at the time of filing of the petition could not be corrected by subsequent annexation of the intervening territory after the petition was filed. That is not the case before us, however, and North Chicago has not alleged in its motion for judgment on pleadings that the territory lacked contiguity as described in the petition for annexation. The trial court should have considered the description as seen in the petition for annexation initially presented to Waukegan.

■ We also conclude the trial court erred in refusing to permit Waukegan to amend its answer to the complaint in *quo warranto* by the second annexation ordinance adopted by Waukegan in which the description error is said to be corrected. In *People ex rel. Reid v. Zellar* (1906), 224 Ill. 408, 79 N.E. 697, the incorporation of a drainage district was challenged in *quo warranto*. The issue considered was whether the district could amend its records after commencement of the action to show what was actually done. The court held that a public body may amend the records of its actions to conform to the facts in order to prevent public injustice. A public body establishes its acts by its records and, in cases of error or omission, may amend them. *Cf. In re Annexation to Village of Plainfield* (1975), 25 Ill. App. 3d 1026, 1033, 323 N.E.2d 841.

The parties to this appeal have raised other issues in their briefs which we do not address as they were not considered by the trial court in entering judgment on the pleadings. We hold only that North Chicago may institute the *quo warranto* proceeding and that the trial court erred in denying Waukegan's motion to amend and entering judgment on the pleadings.

Accordingly, the judgment of the trial court is reversed and this cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.